ESTHER L. ANDERSON, Respondent, v. RESERVATION STATE BANK, a Corporation, Appellant.

(217 N. W. 177.)

**Appeal and error — only question of fact involved — judgment supported by evidence will be affirmed.**

Where the only question involved in an action is a question of fact, and

Note.—As to conclusiveness of former decisions as to evidence of fact, see annotation in 34 L.R.A. 332.

the judgment of the court is supported by the evidence, the judgment will as a matter of course, be affirmed.

Opinion filed December 29, 1927.

Appeal and Error, 4 C. J. § 2872 p. 902 n. 12; § 2889 p. 918 n. 40.

Appeal from the District Court of Ward County, *Moellring, J.* Affirmed.

*F. F. Wyckoff,* for appellant.

*Paul Campbell,* for respondent.

BURKE, J.   In this action the plaintiff claims to be the owner of certain promissory notes described in the complaint, which notes, it is alleged, were delivered to the defendant bank for collection, and that the defendant failed to account to the plaintiff for any collection thereon, except, certain amounts on certain notes as alleged in the complaint. The answer is a general denial.   At the close of the testimony both sides moved for a directed verdict, and the court made its findings of fact and conclusions of law favorable to the plaintiff and defendant appeals.

The plaintiff's husband had formerly been cashier of the defendant bank and owned the notes involved in suit.   On December 30, 1920, the plaintiff's husband being very sick had R. W. Serklind, an employee in the defendant bank, make out a list of notes which he owned and had in the bank.   Upon receipt of this list he gave it to his wife, the plaintiff, telling her at the time that he was giving the notes to her.   The plaintiff's husband died shortly thereafter; Mr. Serklind became cashier of the bank, and at the request of the plaintiff, he brought the notes to her house to be checked over with the list which she had.   After the notes were checked over Mr. Serklind said, "I asked her if she wanted to take them with her to her home (in Minnesota), or whether she wanted to leave them in the bank for collection."   The plaintiff testified, "I said I would like to leave them in the bank for collection."   "He said, all right I will bring you a receipt for them."   Mr. Serklind thereafter delivered to Mrs. Anderson a receipt for the notes as follows, to wit:   Received of Mrs. H. G. Anderson the following notes for collection or renewal.

|  | Dated. | Due. |  |
|---|---|---|---|
| H. L. Gabriel | May 15th, 1920 | Nov. 1st, 1921 | $175.00 |
| Victor Ringer | Nov. 1st, 1920 | Nov. 1st, 1921 | 1,000.00 |
| R. A. Zieman | Dec. 27th, 1921 | Oct. 1st, 1921 | 500.00 |
| R. A. Zieman | Dec. 27th, 1921 | Oct. 1st, 1921 | 1,000.00 |
| A. R. Reinertson | June 16th, 1919 | Oct. 1st, 1920 | 32.47 |
| Theo. Mortenson | Oct. 6th, 1919 | Demand | 800.00 |
| Andrew Olson | Dec. 30th, 1919 | Oct. 1st, 1920 | 1,000.00 |
| C. J. Nelson | Oct. 20th, 1920 | Apr. 1st, 1921 | 900.00 |
| Julius Petterson | Dec. 28th, 1920 | Oct. 1st, 1921 | 700.00 |
| B. C. Grow | Jan. 28th, 1921 | June 1st, 1921 | 30.00 |
| P. H. Schlieman | Oct. 6th, 1920 | Apr. 1st, 1921 | 1,100.00 |
| Res. State Bank | Feb. 2nd, 1921 | May 1st, 1921 | 736.65 |
| Joe Houle | Feb. 25th, 1921 | Nov. 1st, 1921 | 1,000.00 |
| T. S. Stockdal | Mar. 15th, 1921 | Dec. 1st, 1921 | 475.00 |

Reservation State Bank

By

Cashier.

This receipt includes the notes given to the plaintiff by her husband, and other notes belonging to plaintiff, some of them executed after her husband's death. The bank collected on the notes and forwarded to the plaintiff the sum of $4,400. This money was collected by the bank and turned over to the plaintiff either by Mr. Serkland, cashier, or by R. A. Johnson who succeeded Serkland as cashier, without any question of the ownership of the notes in the plaintiff or her right to receive the payments. The last payment was made in October, 1922, more than two years after the notes were given to the defendant for collection. The collections made after October, 1922, were retained by the defendant bank, and it is the contention of the defendant that the plaintiff instructed the defendant to retain the collections and credit them to the estate of her husband, and sought to prove this in the cross-examination of R. W. Serkland.

The record shows, however, that Serkland was examined and cross-examined about the conversation he had with the plaintiff when the receipt was given, and it is clear from his evidence that there was no such instruction. On page 18 of the record he says, "Well just before I got them (the notes) back, I asked her if she wanted to take them with her to her home (in Minnesota) or whether she wanted to leave them with me, or with the bank for collection." Question "And what did she

say?" Ans. "Well, I don't know. She must have said she wanted to leave them for collection evidently." Question by Mr. Wyckoff. "As a matter of fact you were instructed to collect these notes on behalf of the estate of H. G. Anderson and you did collect some money on them and credit it to the estate of H. G. Anderson?" To which question there is an objection and the court said, "instructed by whom?" Mr. Wyckoff, "By Mrs. Anderson at the time of the delivery of the notes to collect them on behalf of the estate of H. G. Anderson." The court, overruled. Ans. "Well I didn't think anything was mentioned in regard to the estate at the time." And again, answer, "I couldn't recall of ever talking to her of an estate at all." And again, answer, "I never mentioned estate to her." The court, "If you can show the bank was following instructions in applying on those notes that is different." The court, "Well you can very easily ask him if there were any instructions outside of the instruction exhibit 1 here." From this record it is clear that no instructions were given to the witness at the time the notes were turned back and the receipt was given. The witness says, he asked the plaintiff if she would take the notes with her or would leave them at the bank for collection, and he says he does not remember what she said, but she did leave them for collection. He says positively two or three times that they never talked about any estate, and it would be very strange if she gave instructions to collect the money and turn it in to the estate of Mr. Anderson, that for two years the collections were made and the money turned over to the plaintiff. It further appears that the court several times stated to defendant's counsel that he might show what instructions the plaintiff gave to the witness, and defendant's counsel stated that the witness did not remember any instructions. In the absence of instructions it certainly was not error to exclude the testimony that money was collected on the notes and credited to the estate of plaintiff's husband, for that testimony would only prove the contentions of the plaintiff that the defendant converted the notes and its exclusion was favorable to the defendant. There was no error in the conclusion of such testimony and the judgment is affirmed.

BIRDZELL, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.